UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CLEANERS AND LAUNDRY COMPANY, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV1670RWS |
| BIO STAR FILMS LLC, | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

Plaintiff American Cleaners and Laundry Company, Inc. ("American Cleaners") filed this lawsuit in state court. American Cleaners alleges that Defendant Bio Star Films LLC ("Bio Star") breached the terms of the parties' contact and committed fraud. Bio Star filed a counterclaim and removed the case to this Court. American Cleaners seeks a remand. Because I find that American Cleaners did not properly serve Bio Star, Bio Star's Notice to Remove was timely, and I will deny American Cleaners' Motion to Remand.

*Background*

American Cleaners filed this case in St. Louis County Circuit Court on July 24, 2009. Bio Star filed Notice of Removal on October 7, 2009. American Cleaners directed the Sheriff's Office of Cook County, Illinois to serve Bio Star's registered agent Joel A. Haber, a partner at the law firm Thompson Coburn Fagel Harbor in Chicago. The return American Cleaners attached to its Opposition to Motion to Remand indicates that Donna O'Connor was served on August 17, 2009. Ms. O'Connor is a receptionist at Thompson Coburn Fagel Harbor. Mr. Haber was not personally served. American Cleaners argues that the service upon Ms. O'Connor started the

thirty day period of time Bio Star had to file a Notice of Removal.

Alternatively, American Cleaners argues that two letters sent to American Cleaners in August 2009 are evidence that Bio Star received a copy of the initial pleading more than thirty days prior to its Notice of Removal. One letter was from Bio Star's counsel in the current suit and one letter was from Bio Star's local Illinois Cook County counsel. Each refer to this lawsuit. Bio Star acknowledges that Mr. Haber received a copy of the petition by regular mail. According to the Affidavit of Mr. Haber, he was not sure who the sender was and there was no wavier of service in the envelope.

American Cleaners filed a Motion to Remand asserting that Bio Star failed to timely file its Notice of Removal because it filed the Notice more than thirty days after Ms. O'Connor was served in August 2009 or, alternatively, the August 2009 letters prove Bio Star received the initial pleading over thirty days prior to its filing the Notice of Removal.

*Legal Standard*

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). "A defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons." Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). A defendant's time to remove is not triggered "by mere receipt of the

complaint unattended by any formal service." Id. at 348.

In Missouri, personal service upon a corporation, partnership, or other unincorporated association is accomplished "by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process." Missouri Rule 54.14(b), 54.13(b)(3).

*Discussion*

The parties dispute whether Defendant filed its Notice to Remove within the thirty day window required by 28 U.S.C. § 1446(b). Whether the clock started to run on Defendant's thirty day window depends on whether Defendant received service of the summons when Donna O'Connor, the receptionist at the Defendant's registered agent's place of employment, was served on August 19, 2009. If Defendant was properly served, it did not file its Notice of Removal within the required window by filing the Notice on October 7, 2009. If Defendant was not properly served, the thirty day window was not triggered, its Notice of Removal was not untimely, and Plaintiff's Motion to Remand should be denied. As the Supreme Court clearly indicated in Murphy Brothers, that Defendant received the complaint through informal means without any formal service is not sufficient to trigger the removal time clock.

American Cleaners argues the Cook County sheriff's certificate of service is prima facie evidence that service was effective, citing Missouri Rule 54.22(a). Even if this evidentiary standard was binding upon this Court, an officer's return for service delivered outside of Missouri must be in an affidavit "stating the time, place and manner of such service, the official

character of the affiant, and the affiant's authority to serve process" "before the clerk or judge of the court of which the affiant is an officer or other person authorized to administer oaths in such state." Missouri Rule 54.20(b)(1). The return American Cleaners has provided is not an affidavit, is not under oath before the clerk or judge of the court of which the affiant is an officer, and it is not before a person authorized to administer oaths in Illinois. As a result, the return cannot be considered prima facie evidence of the facts recited therein.

Plaintiff attempted to serve Bio Star's registered agent Joel A. Haber at his place of employment. However, instead of serving Mr. Haber, Ms. O'Connor, a receptionist at Mr. Haber's place of employment was served. According to the Affidavit of Ms. O'Connor, she is not authorized to receive service on behalf of either Bio Star or Mr. Haber and is not generally authorized to accept service of a summons and complaint on behalf of anyone. According to the Affidavit of Joel Haber, Mr. Haber was not personally served and does not recall giving authority to someone else to receive service on his behalf. The Plaintiff has not cited a case interpreting Missouri Rules of Civil Procedure for the proposition that serving the receptionist of the registered agent constitutes proper service. I find that Plaintiff's service upon Donna O'Connor does not satisfy Missouri's standard for personal service because Ms. O'Connor is not within the categories set out in Rule 54.13(b)(3). Because Bio Star was not properly served with process, the thirty day window for filing its Notice of Removal did not start.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff American Cleaners and Laundry Company's Motion to Remand this action to the Circuit Court of the County of St. Louis, Missouri [#5] is hereby **DENIED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2009.